UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**SHANEIKA GOODMAN,**

    Plaintiff,

v.                                                    **No. 4:25-cv-01406-P-BP**

**PNC BANK NA,** *et al.***,**

    Defendants.

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are the Joint Motion to Dismiss and Brief in Support (ECF Nos. 41, 42) that Jessica N. Alt ("Alt"), PNC Bank NA ("PNC"), and Padfield & Stout LLP ("P&S") (collectively "Defendants"), filed on April 3, 2026, the Response and Objection (ECF No. 44) that *pro se* Plaintiff Shaneika Goodman filed on April 24, 2026, and Reply that Defendants filed on April 28, 2026 (ECF No. 47).

Based upon a full review of the relevant pleadings and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Mark T. Pittman **GRANT** Defendants' Motions to Dismiss (ECF No. 41) and **DISMISS** Goodman's First Amended Complaint. In addition, because Goodman filed an Amended Complaint (ECF No. 38) on March 27, 2026 in response to the Court's order, the undersigned **RECOMMENDS** that Judge Pittman **DENY as moot** Defendants' previous Motions to Dismiss (ECF Nos. 16, 19, 22).

## I.    BACKGROUND

This action arises from "Defendants' procurement and enforcement of a Texas state-court default judgment and subsequent garnishment." ECF No. 38 at 1. Goodman alleges that Defendants obtained this judgment without constitutionally adequate notice and personal service on her. *Id.* She alleges this unconstitutional judgment resulted in issuance of writs of garnishment that unlawfully froze and seized $121,370.60 of funds held in a trust bank account. *Id.* at 5-6.

Goodman claims constitutional violations under 42 U.S.C. § 1983, wrongful garnishment, conversion, abuse of process, and civil conspiracy. *Id.* at 8-11. She seeks declaratory and injunctive relief; actual, consequential, mental-anguish, and exemplary damages; restitution; costs; and interest. *Id.* at 2.

## II.    LEGAL STANDARDS

### A.    Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of complaints that fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To state a viable claim for relief, a complaint must include sufficient factual allegations "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering a Rule 12(b)(6) motion, courts must "take all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff . . . and ask whether the pleadings contain 'enough facts to state a claim to relief that is plausible on its face.'" *Yumilicious Franchise, LLC v. Barrie*, 819 F.3d 170, 174 (5th Cir. 2016) (citing *Twombly*, 550 U.S. at 547).

2

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In ruling on a motion to dismiss, a court may consider documents outside the complaint when they are: (1) attached to the motion to dismiss; (2) referenced in the complaint; and (3) central to the plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

### B.    *Pro Se* Standard

The Court subjects a *pro se* party's pleadings to less rigid analysis than those of a party represented by counsel. "[A] *pro se* complaint, 'however inartfully pleaded,' must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). However, "even a liberally-construed *pro se . . .* complaint must set forth facts giving rise to a claim on which relief may be granted." *Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (citing *Bounds v. Smith*, 430 U.S. 817, 825-26 (1977)). Thus, a court inquires "whether within the universe of theoretically provable facts there exists a set which can support a cause of action under [the] complaint, indulgently read." *Covington v. Cole*, 528 F.2d 1365, 1370 (5th Cir. 1976). However, "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to state a claim for relief." *Masika Brown Ray v. Anthony Boone*, No. 24-40169, 2024 WL 4372692, *1 (5th Cir. 2024) (citing *Coleman v. Lincoln Par. Det. Ctr.*, 858 F.3d 307, 309 (5th Cir. 2017)).

### C.     42 U.S.C. § 1983

Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any [law] subjects [] any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws . . . ." 42 U.S.C. § 1983 (2026).

### D.     Dismissal with or without leave to amend

It is a "well-established policy that the plaintiff be given every opportunity to state a claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The decision to allow amendment of the pleadings is within the sound discretion of the Court. *Norman v. Apache Corp.*, 19 F.3d 1017, 1021 (5th Cir. 1994). In determining whether to allow an amendment of the pleadings, the Court considers: undue delay in the proceedings, undue prejudice to the opposing parties, timeliness of the amendment, and futility of the amendment. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Chitimacha Tribe of La. v. Harry L. Laws Co., Inc.*, 690 F.2d 1157, 1163 (5th Cir. 1982). "At some point, a court must decide that a plaintiff has had fair opportunity to make [his] case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit." *Jacquez v. Procunier*, 801 F.2d 789, 792-93 (5th Cir. 1986); *Schiller v. Physicians Resource Group Inc.*, 342 F.3d 563 (5th Cir. 2003).

### III.    ANALYSIS

### A.    Attorney immunity bars Goodman's claims against P&S and Alt.

"In Texas, 'attorney immunity'—an attorney's defense to claims by non-clients in association with the attorney's actions in representing a client in litigation—is properly characterized as a true immunity from suit, not as a defense to liability." *Marshall v. Abbott*, No. 4:21-cv-384-SDJ-CAN, 2022 WL 670917, at \*7 (E.D. Tex. Feb. 14, 2022), *rec. adopted*, No. 4:21-cv-384, 2022 WL 657967 (E.D. Tex. Mar. 4, 2022) (cleaned up).

Defendants contend attorney immunity bars Goodman's claims against Alt and P&S because "because every act Goodman challenges — serving process, filing the garnishment case, seeking writs of garnishment—was undertaken in the ordinary course of their representation of PNC in adversarial litigation." ECF No. 42 at 3. Goodman responds that Alt and P&S violated the Constitution and committed civil conspiracy because they insufficiently served her and moved for garnishment to satisfy a judgment. ECF No. 38 at 8-9, 11-12. She contends that attorney immunity does not apply because the alleged acts of these Defendants went beyond general litigation conduct and included direct participation in procuring the defective service against her. ECF No. 44 at 10.

The Court concludes that the actions P&S and Alt took were in the course and scope of their capacity as legal representatives for PNC and therefore constitute "actions [] representing a client in litigation" that are immune from suit. *Marshall*, 2022 WL 670917, at \*7. Goodman cites no legal authority to the contrary and offers

no facts to show that these Defendants' acts were not taken during their representation of clients in the litigation. She does not provide any basis to find that attorney immunity is inapplicable. Accordingly, the Court should grant the Motion and dismiss Goodman's claims against Alt and P&S. This dismissal should be with prejudice. *See Troice v. Proskauer Rose, L.L.P.*, 816 F.3d 341, 350 (5th Cir. 2016) (dismissing with prejudice after finding that attorney immunity applied.).

**B.** **Even if attorney immunity did not apply, Goodman does not plead a plausible case for any of her claims.**

1.   42 U.S.C. 1983

Goodman brings constitutional claims under § 1983 for deprivation of her property without sufficient process in violation of the Due Process clause of the Fourteenth Amendment. ECF No. 38 at 8-9. "Because the Fourteenth Amendment protects liberty and property interests only against invasion by the state, a section 1983 plaintiff alleging the deprivation of Due Process under the Fourteenth Amendment must also show that state action caused h[er] injury." *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999).

> Private action may be deemed state action . . . only where the challenged conduct may be "fairly attributable to the State." The fair attribution test has two parts: "First, the deprivation must be caused by the exercise of some right or privilege created by the State . . . Second, the party charged with the deprivation must be a person who may fairly be said to be a state actor."

*Id.* (citing *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 936 (1982)).

Goodman does not sufficiently explain how any of the Defendants' acts constitute state action. She merely states in conclusory fashion that Defendants acted "jointly and in concert with state officials" and "invoked state judicial power." ECF

No. 38 at 9. But she does not plead any factual basis for how Defendants' challenged conduct was fairly attributable to the State. She does not explain whether the exercise of some right or privilege created by the State led to the deprivation of her rights. And she does not offer any facts to show that Defendants, a bank, law firm, and attorney, are state actors. Accordingly, the Court should grant the Motion and dismiss Goodman's § 1983 claim.

2.    Wrongful garnishment and conversion

"[A] cause of action exists under Texas law for wrongful garnishment . . . and requires a showing that the allegations set forth in the affidavit supporting the garnishment are false." *Nat'l Heritage Found., Inc. v. Mancillas*, No. CV B-09-174, 2009 WL 10695070, at *2 (S.D. Tex. Dec. 4, 2009) (cleaned up).

"Under Texas law, conversion of physical property requires a showing of an 'unauthorized and wrongful assumption and exercise of dominion and control over the personal property of another, to the exclusion of or inconsistent with the owner's rights.'" *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456 (5th Cir. 2003) (citing *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 447 (Tex. 1971)).

Goodman provides no plausible factual basis for either wrongful garnishment or conversion. She merely argues that the state court entered judgment without satisfying proper service requirements. These conclusory allegations meet none of the elements of either a wrongful garnishment or conversion claim. Further, they do not contain enough facts to state a claim to relief that is plausible on its face. *Yumilicious Franchise, LLC*, 819 F.3d at 174. Accordingly, dismissal is also appropriate because

Goodman does not meet her burden to state a claim for wrongful foreclosure or conversion.

### 3. Abuse of process

Under Texas law, a plaintiff asserting abuse of process must show:

> "(1) the defendant made an illegal, improper or perverted use of the process, a use neither warranted nor authorized by the process; (2) the defendant had an ulterior motive or purpose in exercising such illegal, perverted or improper use of the process; and (3) damage to the plaintiff as a result of such illegal act."

*Hammervold v. Blank*, 3 F.4th 803, 812 (5th Cir. 2021) (citing *Cooper v. Trent*, 551 S.W.3d 325, 333–34 (Tex. App.—Houston [14th Dist.] 2018, pet. denied)). Goodman does not identify any actions that Defendants took that satisfy any of these requirements.

Instead, she claims in conclusory statements that Defendants "used state judicial mechanisms to obtain and enforce seizure of Plaintiffs funds without first ensuring constitutionally adequate notice to Plaintiff before depriving her of property." ECF No. 38 at 11. She argues this use of process was not legitimate and constituted "an improper use of those procedures to obtain money and leverage from [her]." *Id.* These conclusory allegations are insufficient to allege a plausible factual basis for her abuse of process claim. She provides no facts for the Court to find she has met any of the required elements of her claim. Accordingly, dismissal is appropriate because Goodman has not stated a claim for abuse of process.

### 4. Civil conspiracy

The elements of a civil conspiracy claim in Texas are: "(1) [] two or more persons; (2) an object to be accomplished (an unlawful purpose or a lawful purpose by

unlawful means) (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Ins. Co. of N. Am. v. Morris*, 981 S.W.2d 667, 675 (Tex. 1998) (citing *Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983)).

Goodman alleges "Defendants had a meeting of the minds to accomplish one or more unlawful purposes, or to accomplish lawful purposes by unlawful means, including procuring default and enforcing garnishment on the basis of service and notice that were legally insufficient as to Plaintiff." ECF No. 38 at 11. She further contends Defendants committed overt acts, specifically: "presenting or relying on allegedly defective service, obtaining default judgment, applying for or causing writs to issue, and seizing Plaintiff's funds." *Id.* at 12. These "legal conclusions masquerading as factual conclusions" are wholly insufficient to state a claim for civil conspiracy. *Masika Brown Ray*, 2024 WL 4372692, \*1. Goodman provides only "a formulaic recitation" of the civil conspiracy elements. *Twombly*, 550 U.S. at 545. Therefore, because she provides no factual basis to support this claim, dismissal is appropriate.

C.   **To the extent Goodman seeks review of a state court judgment itself rather than the acts of private parties, the *Rooker-Feldman* doctrine also bars her claims.**

"[T]he *Rooker-Feldman* doctrine holds that inferior federal courts do not have the power to modify or reverse state court judgments" without express congressional authorization. *Union Planters Bank Nat'l Ass'n v. Salih*, 369 F.3d 457, 462 (5th Cir. 2004) (cleaned up); *see D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). The doctrine applies only in "cases brought

9

by state court-losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This includes cases in which "the plaintiff's federal claims are so inextricably intertwined with a state judgment that the federal court is in essence being called upon to review the state court decision." *Ill. Cent. R.R. Co. v. Guy*, 682 F.3d 381, 390-91 (5th Cir. 2012) (cleaned up).

The Court notes that Tarrant County Court at Law No. 1 entered a final default judgment against Goodman. *See* Tarrant County Case Search, https://portal-txtarrant.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=5764028 last visited May 11, 2026); Fed. R. Evid. 201. Goodman now requests that the Court prohibit "further enforcement, transfer, retention, or collection activity against Plaintiff." ECF No. 38 at 8. This could be interpreted as a request for this Court to stay the state court proceedings. But the Court lacks jurisdiction to grant that relief under the *Rooker-Feldman* doctrine.

In considering an attack on a state court judgment, the Court must first decide whether it has subject-matter jurisdiction to grant the requested relief in accordance with the *Rooker-Feldman* doctrine. *Trend Intermodal Chassis Leasing LLC v. Zariz Transp. Inc.*, 711 F. Supp. 3d 627, 634 (N.D. Tex. 2024), *affd sub nom.*, No. 24-10105, 2024 WL 3423217 (5th Cir. July 16, 2024) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject matter jurisdiction, courts are

obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented.")).

To the extent Goodman seeks federal court review and complains of injuries caused by the state-court judgment rendered before these proceedings, the *Rooker-Feldman* doctrine bars Goodman's requested relief. *See Exxon Mobil Corp.*, 544 U.S. at 284. Despite requesting that this federal court "modify or reverse" the state court judgment, she cites no express congressional authorization that would permit such relief. *Union Planters Bank Nat'l Ass'n*, 369 F.3d at 462. Accordingly, even when viewed as a direct attack on the state court judgment rather than against the actions of the private parties in this suit, dismissal still would be appropriate because the *Rooker-Feldman* doctrine would bar Goodman's claims.

### D.    The dismissals should be without leave to amend.

After the Court notified Goodman that the Motions to Dismiss (ECF Nos. 16, 19, 22) raised several potentially meritorious grounds, *see* ECF No. 36, she amended her complaint in response to the deficiencies. ECF No. 38. However, despite this opportunity, her First Amended Complaint does not rectify the deficiencies the motions identified. Goodman asserts claims that attorney immunity and *Rooker-Feldman* Doctrine bar. Even if those bars did not apply,  Goodman does not assert facts that state a cause of action to survive a motion to dismiss. Under these circumstances, dismissal without leave to amend is appropriate. *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009). Accordingly, the Court concludes that Goodman has pleaded her best case and that further amendment of the First Amended

11

Complaint to address the deficiencies noted above would be futile. Therefore, the Court's dismissal of Goodman's First Amended Complaint should be without leave to amend.

## IV.  CONCLUSION

Attorney immunity bars Goodman's claims against the attorney Defendants, and Goodman does not plead sufficient facts to state a cause of action as to any of her claims. The *Rooker-Feldman* doctrine also bars her claims to the extent she seeks to directly attack a state court judgment. Accordingly, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Defendants' Motion (ECF No. 41) and Dismiss Goodman's First Amended Complaint (ECF No. 38).

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See*

*Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc),

modified by statute on other grounds, 28 U.S.C. § 636(b)(1) (extending the time to file

objections to 14 days).

It is so **ORDERED** on May 11, 2026.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE

13